| B 104 (Rev. 8/99) | ADVERSARY PROCEEDING SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS<br>LCS WEST, INC. and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Address<br>9823 PACIFIC HEIGHTS BLVD. SUITE Q<br>SAN DIEGO, CA 92121 | DEFENDANTS<br>JCAHO<br>Address<br><br>One Renaissance Blvd.<br>Oakbrook Terrace, IL 60181 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone Number)<br>ALAN J. STOMEL, State Bar No. 124986<br>ALAN J. STOMEL, a Law Corporation<br>369 South Doheny Drive #374<br>Beverly Hills, CA 90211<br>Telephone: (310) 837-6455<br>Facsimile: (310) 837-7411 | ATTORNEYS (if known)<br><br>Case # : 04-90113-JHAD0<br>Name  : LCS MANAGEMENT, INC. AND THE O<br>Judge : JOHN HARGROVE<br>Chapter: AD0<br>-----------------------------------<br>Filed : April 14, 2004  15:32:12<br>Deputy: A CROSBY<br>Receipt: 178060<br>Amount : $0.00<br>----------------------------------- |

PARTY (Check one box only)    ☐ 1  U.S. PLAINTIFF    ☐ 2  U.S. DEFENDANT    ☒ 3  U.S. NOT A PARTY

CAUSE OF ACTION (Write a brief statement of cause of action, including all U.S. statutes involved)
PREFERENCE

### NATURE OF SUIT
(Check the one most appropriate box only)

| ☒ 454 To recover money or property | ☐ 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action |
|---|---|---|
| ☐ 435 To determine validity, priority, or extent of a lien or other interest in property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan | |

| ORIGIN OF PROCEEDING (Check one box only) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $9 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>LCS WEST, INC., LCS MANAGEMENT, INC. | BANKRUPTCY CASE NUMBER<br>02-11273-JH11; 02-11280-JH11 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN | DIVISIONAL OFFICE | NAME OF JUDGE<br>JAMES J. HARGROVE |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☒ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>APRIL 9, 2004 | PRINT NAME<br>ALAN STOMEL | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

B-104

ORIGINAL

```
 1 | ALAN J. STOMEL, State Bar No. 124986
   | ALAN J. STOMEL, a Law Corporation
 2 | 369 South Doheny Drive #374
   | Beverly Hills, CA 90211
 3 | Telephone: (310) 837-6455
   | Facsimile: (310) 837-7411
 4 |
   | Counsel for Official Committees of Unsecured
 5 | Creditors of Lifecare Solutions West, Inc. and
   | Lifecare Solutions, Inc.
 6 |
   | CRAIG W. RELMAN
 7 | JONATHAN P. BLAKELY
   | CRAIG W. RELMAN CO., L.P.A.
 8 | 23825 Commerce Park Road, Suite A
   | Beachwood, Ohio 44122
 9 | Telephone: (216) 514-4981
   | Facsimile: (216) 514-4987
10 |
   | Special Litigation Counsel for Official
11 | Committees of Unsecured Creditors of Lifecare
   | Solutions West, Inc. and Lifecare Solutions, Inc.
12 |
```

Case # : 04-90113-JHADO
Name  : LCS MANAGEMENT, INC. AND THE O
Judge : JOHN HARGROVE
Chapter: ADO

Filed   : April 14, 2004   15:32:12
Deputy  : A CROSBY
Receipt : 178060
Amount  : $0.00

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LCS MANAGEMENT, INC., a California Corporation, formerly known as LIFECARE SOLUTIONS, INC.,<br><br>Debtor and Debtors in Possession. | Case No. 02-11273-JH11<br>Case No. 02-11280-JH11<br><br>Jointly Administered<br><br>Chapter 11 |
| In re<br><br>LCS MANAGEMENT, INC., a California corporation, formerly known as LIFECARE SOLUTIONS, INC.,<br><br>Debtor and Debtor in Possession. | Adv. No.<br><br><br>COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS |
| LCS MANAGEMENT, INC. and the OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Plaintiffs,<br><br>vs.<br><br>JOINT COMMISSION ON ACCREDITATION OF HEALTHCARE ORGANIZATIONS (JCAHO)<br><br>Defendant. | Date of Hearing: (To Be Set)<br>Time of Hearing: (To Be Set)<br>Dept. 3<br>Judge: Hon. James J. Hargrove |

-1-

ORIGINAL

Plaintiffs, LCS Management, Inc., ("Debtor") and the Official Committee of Unsecured Creditors ("Committee") allege as follows:

## GENERAL ALLEGATIONS

1. This adversary proceeding arises in and relates to the chapter 11 bankruptcy case of LCS Management, Inc. commenced by the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 15, 2002, (the "Petition Date").

2. This Court has jurisdiction over this adversary proceeding pursuant to section 1334 of title 28 of the United States Code.

3. Venue is proper in this Court pursuant to 28 U.S.C. section 1409 of title 28, United States Code.

4. This adversary is a core proceeding under 28 U.S.C. sections 157 (b) (2), (E) and (F).

5. This action is commenced pursuant to sections 547 and 550 of the Bankruptcy Code.

6. Plaintiff the Official Committee of Unsecured Creditors was appointed pursuant to Bankruptcy Code section 1102.

7. Plaintiffs are informed and believe, and on that basis allege, that Defendant JCAHO is a corporation authorized to do business and doing business in California.

## CLAIM FOR RELIEF

### (TO AVOID AND RECOVER PREFERENTIAL TRANSFERS)

8. Plaintiffs reallege paragraphs 1 through 7 of this complaint and incorporate them herein by this reference.

9. On or within 90 days before the Petition Date, Debtor transferred, or caused to be transferred, money or property of the Debtor to Defendant in an amount not less than $9,400.00 (hereinafter, the "Subject Transfers"). The Subject Transfers are summarized as follows:

Check number 016543, issued August 29, 2002, in the amount of $9,400.00.

-2-

10. Debtor made the Subject Transfers to Defendant for or on account of antecedent indebtedness owed by Debtor to Defendant.

11. At or immediately before the time of the Subject Transfers to Defendant, Defendant was a creditor of Debtor.

12. At the time Debtor made the Subject Transfers to Defendant, Debtor was insolvent as defined in Bankruptcy Code section 101(32).

13. The Subject Transfers enabled Defendant, as a creditor, to receive more than Defendant would have received had the Subject Transfers not been made, and Defendant instead were to receive payment on its claim only to the extent provided for under chapter 7 of the Bankruptcy Code.

14. Pursuant to Bankruptcy Code sections 547(b) and 550, the estate may avoid the Subject Transfer of the Debtor's property and may recover the value of the Subject Transfers from Defendant, together with interest, as provided for by applicable law.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows;

1. For judgment avoiding the Subject Transfers;

2. For a money judgment against Defendant in an amount equal to the Subject Transfers plus applicable interest;

3. For costs of suit incurred herein;

4. For such other and further relief as the Court deems just and proper.

Dated: April __9__, 2004

CRAIG W. RELMAN CO., L.P.A.

BY: /s/
JONATHAN P. BLAKELY
Special Counsel for Committee

ALAN J. STOMEL, A LAW CORPORATION

BY: _____
ALAN J. STOMEL
Attorney for Committee

-3-